ROBERT B. BALE, ESQ. / SBN: 207999
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| STEVEN JAMES MCDANIEL and LINDA MCDANIEL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br>**(Personal Injury)** |

## COMPLAINT

1. Plaintiffs are STEVEN JAMES MCDANIEL and LINDA MCDANIEL. Plaintiffs' are residents of the County of El Dorado, California.

2. At all times herein mentioned, Defendant UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE was and now is a duly organized subsidiary, ancillary and/or department of Defendant UNITED STATES OF AMERICA doing business in the State of California and other states.

3. <u>JURISDICTION</u>. The Court has original jurisdiction over this matter arising under 28 U.S.C. Sections 1346(b)(1) and 1402(b) because the claim alleges torts committed by agents or

1  employees of the United States government in the course and scope of their employment. The
2  amount in controversy exceeds the minimum jurisdictional limits of this Court.

3      4. <u>VENUE</u>. This Court has venue under 28 U.S.C. Section 1346(b), 1402(b) and 28
4  U.S.C. Section 2674 because Defendant and any employees or personnel involved in the subject
5  incident resides and does business in this district and the acts giving rise to the claim occurred at
6  localities within this district.  Plaintiffs reside in the Eastern District of California. The subject
7  motor vehicle collision occurred in the Eastern District of California. The medical care for Plaintiff
8  STEVEN JAMES MCDANIEL occurred in the Eastern District of California and future medical care is
9  likely to be in the Eastern District of California. All non-economic damages were and will continue
10 to be sustained in the Eastern District of California. Further, Defendant does business within the
11 State of California and the County of El Dorado.  The injuries and damages claimed in this
12 complaint are asserted in Plaintiffs' claims.

13     5. Plaintiffs have properly complied with 28 U.S.C. Section 2675, presenting Claims to
14 the UNITED STATES OF AMERCIA, DEPARTMENT OF AGRICULTURE, on date and the claims were
15 denied on April 14, 2016.   5.   <u>FACTS COMMON TO ALL CAUSES OF ACTION</u>. At some time
16 between 9:10 and 9:15 a.m. on the morning of May 7, 2015, Defendant UNITED STATES OF
17 AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE employee LESTER
18 ALEXANDER CAPELLA was driving a U.S. Forest Service 2013 Ford F-150 pick-up truck, license
19 number AA370382, northbound on State Route 49 in El Dorado County, California approaching
20 Sandridge Road. The vehicle had been assigned to CAPELLA by his employer, and he was driving it
21 with Defendant's permission, knowledge and consent, in the course and scope of his employment
22 by Defendant. With him in the vehicle was passenger and fellow employee David Allan Thorup.
23 CAPELLA was driving northbound at a speed of approximately 50 mph.

24     6.  At that same time Plaintiff STEVEN JAMES McDANIEL was driving his personal
25 vehicle, a 2003 Chevrolet Silverado 2500, southbound on State Highway 49. This is a two-lane
26 roadway, with one northbound and one southbound lane. He had accelerated to approximately 25
27 mph when he observed a vehicle approaching northbound.  As the other vehicle neared his
28 location, it suddenly veered left, without warning, across the double-yellow line directly ahead of

-2-

Complaint

him. Mr. McDANIEL had no opportunity to avoid the collision. The other vehicle crashed head-on into the front of Mr. McDANIEL's Chevrolet. The vehicle that collided with McDANIEL's truck was the Ford F-150 pick-up truck driven by UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE employee LESTER ALEXANDER CAPELLA. The impact was substantial. Both vehicles sustained major property damage. Mr. McDANIEL's truck was deemed a total loss.

7. Defendant UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE employee LESTER ALEXANDER CAPELLA negligently traveled left into the lane of oncoming traffic, where Plaintiff was traveling, over double yellow lines, in violation of California Vehicle Code section 21460(a), and negligently collided with the front of Plaintiff STEVEN JAMES MCDANIEL's vehicle, thereby causing injuries and damages to Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Personal Injuries: STEVEN JAMES MCDANIEL)

Plaintiff STEVEN JAMES MCDANIEL complains against Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE and LESTER ALEXANDER CAPELLA and alleges as follows:

8. Plaintiffs incorporate herein by reference each and every allegation contained above as though fully set forth herein.

9. Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICE by and through its employee and/or agent LESTER ALEXANDER CAPELLA were the operators and/or owners of the subject vehicle.

10. LESTER ALEXANDER CAPELLA was the agent, employee or contractor of Defendant UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE FOREST SERVICE and was at all times acting within the course and scope of said agency, employment or contract, and with the permission, knowledge and consent of Defendant UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE FOREST SERVICE. At all relevant times he was operating a US Forest Service vehicle assigned to him by his employer, Defendant UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE FOREST SERVICE.

Complaint

11. At all relevant times LESTER ALEXANDER CAPELLA negligently operated the vehicle, causing it to veer over the center line. Mr. CAPELLA failed to obey basic traffic laws pertaining to the safe operation of a motor vehicle. Mr. CAPELLA failed to attend to legal regulatory and advisory signs and roadway markings. Mr. CAPELLA drove at an unsafe speed for the conditions. Because Mr. CAPELLA was acting in the course and scope of his employment, Defendant UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE FOREST SERVICE is liable for his negligent conduct. *See* 28 U.S.C. Sections 1346(b), 2672 and 2679.

12. Defendant UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE FOREST SERVICE negligently hired, trained, and/or supervised LESTER ALEXANDER CAPELLA in such a fashion as to cause and/or contribute to the occurrence of the incident described herein.

13. Additional employees of Defendant UNITED STATES OF AMERICA. DEPARTMENT OF AGRICULTURE FOREST SERVICE were negligent in the course and scope of their employment, but their names are not currently known. These employees negligently hired, trained, supervised, investigated, monitored and/or managed Alexander Capella so as to cause and/or contribute to the happening of the subject collision. Per relevant statutes, Defendant UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE FOREST SERVICE is liable for their negligent conduct.

14. Defendant, by and through its employees, agents and/or contractors, negligently entrusted, managed, maintained, drove, operated, repaired, manufactured and designed the vehicle so as to cause the collision and the resulting injuries and damages to Plaintiffs.

15. As a result of Defendant's negligence, Plaintiff STEVEN JAMES MCDANIEL suffered personal/bodily injuries, resulting in economic and non-economic damages. Economic damages include, but are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and future income and/or earning capacity loss, (3) loss of ability to provide household services, and (4) incidental and consequential damages and/or property damage and loss of use. Non-economic damages include, but are not limited to (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional distress.

///

Complaint

Plaintiff STEVEN JAMES MCDANIEL prays for judgment against Defendants for:

a. Non-economic damages in excess of the jurisdictional limit of this Court;

b. All medical and incidental expenses according to proof;

c. All loss of earnings according to proof;

d. Prejudgment interest to the extent permitted by law;

e. All costs of suit; and

f. Such other and further relief as this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF

### (Loss of Consortium: LINDA MCDANIEL)

As a separate second Claim for Relief, Plaintiff LINDA MCDANIEL complains against Defendants and alleges as follows:

16. Plaintiffs incorporate herein by reference each and every allegation contained above as though fully set forth herein.

17. At all times herein mentioned Plaintiffs STEVEN JAMES MCDANIEL and LINDA MCDANIEL were and are now husband and wife.

18. As a direct result of the injuries and damages suffered by her husband, Plaintiff LINDA MCDANIEL has suffered a loss of her husband's companionship and services, including but not limited to (1) loss of companionship, comfort, care, assistance, protection, affection, society, and moral support, and (2) loss of enjoyment of sexual relations.

Plaintiff LINDA MCDANIEL prays for judgment against Defendants for:

a. Non-economic damages in excess of the jurisdictional limits of this Court;

b. Prejudgment interest to the extent permitted by law;

c. All costs of suit; and

d. Such other and further relief as this Court may deem just and proper.

Dated: September 20, 2016      **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: /s/ Robert B. Bale
ROBERT B. BALE

-5-

Complaint

## DEMAND FOR JURY TRIAL

Plaintiffs STEVEN JAMES MCDANIEL and LINDA MCDANIEL hereby demand trial by jury of each Claim for Relief set forth in this Complaint and in this matter.

DATED: September 20, 2016         **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: /s/ Robert B. Bale
ROBERT B. BALE